The Honorable Ronald B. Leighton

**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WASHINGTON**
**AT TACOMA**

| | |
|---|---|
| DANNY RAY MONTGOMERY,<br><br>Plaintiff,<br>v.<br><br>STATE OF WASHINGTON, DEPARTMENT OFR SOCIAL & HEALTH SERVICES DIVISION OF CHILD SUPPOR, DAVID STILLMAN, Director, Division of Child Support, ROBIN ARNOLD-WILLIAMS, Secretary, Department of Social & Health Services, & JOHN or JANE DOE,<br><br>Defendants. | 3:09-cv-05453-RBL<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT<br>[Dkt. #12] |

THIS MATTER is before the court on the Defendants' Motion to Dismiss the complaint for lack of subject matter jurisdiction. [Dkt. #12]. Plaintiff Montgomery asserts 42 U.S.C. §1983 claims[1] for violations of the 4th and 14th Amendments (due process, with respect to "the right to travel") based on the fact that he was not eligible for a United States passport because the Defendants determined that he was "in arrears" on his child support payments, and reported that finding to the United States Secretary of Health and Human Services.

[1] Plaintiff's complaint also alleges a "violation" of §1983, but no such claim is cognizable. "One cannot go into court and claim a violation of §1983 – for §1983 by itself does not protect anyone against anything." It does not create any substantive rights; rather it is the vehicle whereby plaintiffs can challenge actions by government officials. *See, e.g., Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 617 (1979).

The state agency Defendant (Department of Social & Health services, Division of Child Support) ("DCS") argues that it is not a "person" subject to suit under §1983, and has Eleventh Amendment Immunity from suit in Federal Court. It also argues that even if the Court has jurisdiction, it complied with the federal statutory and regulatory scheme in denying Plaintiff's passport, and are in any event qualifiedly immune from this action.

**A. Facts.**

The facts are undisputed. The Plaintiff, Danny Montgomery, was court ordered to pay support for his son, Mathew, and his former wife, Concepcion Montgomery, in his dissolution action. The state Department of Social and Health Services (DSHS) enforced both obligations. Danny Montgomery's arrearages for his child and spousal support obligations exceeded $2,500. DSHS certified Danny Montgomery's arrearages to federal Secretary of Health and Human Services, which resulted in Danny Montgomery being ineligible for a passport. Montgomery emphasizes that he was current on his "child support" payments, and argues that his failure to pay "spousal maintenance" was insufficient grounds for denial of a passport. He has sued the state, the state agency, and various individuals within the agency under 42 U.S.C. §1983, alleging violations of due process under the 4th and 14th Amendments.

**A. Summary Judgment Standard**.

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact which would preclude summary judgment as a matter of law. Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to present, by affidavits, depositions, answers to interrogatories, or admissions on file, "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "The mere existence of a scintilla of evidence in support of the non-moving party's position is not

sufficient." *Triton Energy Corp. v. Square D Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995). Factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In other words, "summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable [fact finder] could return a [decision] in its favor." *Triton Energy*, 68 F.3d at 1220.

**B. Defendants' status as "persons" under §1983.**

Defendants seek dismissal of Plaintiff's §1983 claims against the state, the DCS, and the individuals in their *official* capacities, because they are not, as a matter of law, "persons" within the meaning of 42 U.S.C. §1983.

Plaintiff's response conflates this issue with Eleventh Amendment immunity, discussed below. His response on this point does not refute the Defendants' claims and the Plaintiff's §1983 claims against these Defendants are not sustainable.

**C. State's Eleventh Amendment Immunity.**

Defendants make a related but separate argument that the state (and state agency, as well as state officials in their official capacities) cannot be sued in Federal court because they have not waived their Eleventh Amendment Immunity.

The Eleventh Amendment to the United States Constitution bars a person from suing a state in federal court without the state's consent. *See Seminole Tribe of Florida v. Florida* 116 S.Ct. 1114, 1131 (1996); *Natural Resources Defense Council v. California Dep't of Transportation*, 96 F.3d 420, 421 (9th Cir. 1996). Eleventh Amendment immunity extends to state agencies. *Pennhurst State Sch. & Hosp. v. Holdeman*, 465 U.S. 89, 101-102 (1984).

Plaintiff argues that the state waived immunity for tort actions in RCW 4.92.090, which provides: "The state of Washington, whether acting in its governmental or proprietary capacity, shall be liable for damages arising out of its tortious conduct to the same extent as if

it were a private person or corporation." He claims that §1983 claims are a "species of tort liability" to which this waiver[2] applies. He provides no authority for the proposition that this is the case, or that the waiver extends to suits in federal court.

Although Congress may waive a state's Eleventh Amendment immunity under circumstances, Congress has not abrogated the States' Eleventh Amendment immunity against state law claims brought in federal court. *Mascheroni v. Board of Regents of Univ. of Cal.*, 28 F.3d 1554, 1560 (10th Cir. 1994). Moreover, even if Washington had waived immunity in its own courts, such a waiver does not waive its immunity in federal court. *McConnell v. Critchlow*, 661 F.2d 116, 117 (9th Cir. 1981), *citing Skokomish Indian Tribe v. France*, 269 F.2d 555, 561 (9th Cir. 1959).

This court lacks subject matter jurisdiction to decide on the merits the Plaintiff's complaint against the state and state agency defendants, based on the Eleventh Amendment.

**D. Qualified Immunity**.

Even if the Court were to reach the merits, the Plaintiff cannot prevail as a matter of law. It is not entirely clear that the plaintiff has sought to sue the individual state defendants in their individual, as opposed to official, capacities. But even assuming that he did so, the court must examine whether the state actors are entitled to qualified immunity.

Pursuant to the qualified immunity doctrine, "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a

[2] It should be noted that, if the Plaintiff's claim on the waiver of immunity for tort actions was correct in this context, he would still have to comply with the procedures outlined in Chapter 4.92 RCW for the prosecution of such tort claims. These include pre-claim notice under RCW 4.92.100 and .110. There is no indication that these procedures were followed.

reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818,(1982). In analyzing a qualified immunity defense, the Court must determine first, whether a constitutional right would have been violated on the facts alleged, taken in the light most favorable to the party asserting the injury; and then, whether the right was clearly established when viewed in the specific context of the case. *Saucier v. Katz*, 533 U.S. 194, 201 (2001). "The relevant dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Id*. The privilege of qualified immunity is an immunity from suit rather than a mere defense to liability, and like absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial. *Id.*

The Supreme Court has recently held "that the *Saucier* protocol should not be mandatory in all cases . . . [but] it is often beneficial." *Pearson v. Callahan*, 129 S. Ct. 808, 818 (2009). In this case it is beneficial to first determine whether a constitutional right was violated before moving to the second question of whether the right was clearly established.

As to the first inquiry, it does not appear that the Plaintiff can make out the requisite Constitutional violation, based on the undisputed facts.

Under Federal law, a parent is not eligible for a passport if the parent's support obligation exceeds $2,500. Spousal support is included within the definition of "child support" for purposes of the Title IV-D of the Social Security Act. *See* 42 U.S.C. § 659(j)(2); 42 U.S.C. § 664(c) ("child support" and similar terms are consistently defined to include spousal support so long as the recipient is living with a child for whom support is also owed). Plaintiff has not established, and cannot establish, otherwise. The Washington State DSHS and the

DCS properly included Danny Montgomery's spousal support obligation in its arrearage certification to the Secretary of the Department of Health and Human Services. Because Danny Montgomery's support arrearage made him ineligible for a passport under federal law, his due process rights under the Constitution were not violated by the state defendants as a matter of law.

Even if the conduct of which plaintiff complains could be construed as a Constitutional violation, however, Plaintiff cannot overcome the second hurdle of the qualified immunity inquiry. Because there is no authority holding that the "support" scheme outlined above is unconstitutional, Plaintiff cannot establish that the right he claims was violated by the state defendants was "clearly established."

The individual state defendants are qualifiedly immune from Plaintiff's Constitutional claims against them.

For these reasons, that Defendants' Motion for Summary Judgment [Dkt. #12] is GRANTED, and Plaintiff's Complaint is DIMISSED WITH PREJUDICE.

IT IS SO ORDERED.

DATED this 27th day of May, 2010.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE